UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEONOR FUENTES | CIVIL ACTION |
| VERSUS | NO. 22-5051 |
| ALLSTATE INSURANCE COMPANY | SECTION "R" (1) |

### ORDER AND REASONS

Before the Court is defendant's unopposed motion to dismiss without prejudice.[1] For the following reasons, the Court grants the motion.

## I.   BACKGROUND

The law firm McClenny, Moseley & Associates ("MMA") filed this action on behalf of plaintiff on December 6, 2022.[2] The case, along with all other cases filed by MMA pending in this District, was subsequently stayed due to fraudulent conduct by the firm.[3] Plaintiff's counsel withdrew, leaving her unrepresented.[4] On June 30, 2023, Chief Magistrate Judge Michael North sent a letter to plaintiff notifying her of the action and informing her

---

[1]   R. Doc. 20.
[2]   R. Doc. 1.
[3]   R. Docs. 5, 6, & 9.
[4]   R. Docs. 10-13.

that, to proceed with the lawsuit, she could take one of three actions: (1) retain a new lawyer, (2) represent herself, or (3) dismiss the lawsuit and waive her rights regarding the insurance claim at issue therein.[5]  The letter also ordered plaintiff to notify the Court of her decision within sixty days and noted that her failure to respond may result in dismissal of her case.[6]

Defendant now moves for involuntary dismissal without prejudice under Federal Rule of Civil Procedure 41(b) as it has been more than sixty days since the letter was transmitted to plaintiff, and plaintiff has not responded.[7]

The Court considers the motion below.

## II.  DISCUSSION

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Dismissal with prejudice for failure to comply with a court order should be a last resort, and is warranted only upon "a clear record of delay or contumacious conduct by the plaintiff."  *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008);

---

| | |
|---|---|
| 5 | R. Doc. 14. |
| 6 | *Id.* |
| 7 | R. Docs. 20 & 20-1. |

*see also id.* ("Lesser sanctions such as fines or dismissal without prejudice are usually appropriate."). Conversely, dismissal without prejudice is not an adjudication on the merits, and, thus, courts are afforded greater discretion in dismissing claims for failure to prosecute or failure to comply with any court order in this manner. *See Brooks v. Pinkerton Sec.*, 3 F.3d 439, 1993 WL 347230, at *1 (5th Cir. 1993) (citing *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980)).

Defendant requests dismissal of this action without prejudice. To date, more than eight months have passed since plaintiff's deadline to respond to Chief Magistrate Judge North's letter.[8] Plaintiff has not returned a completed selection form enclosed with the letter, nor has she retained new counsel or attempted to prosecute this case as a *pro se* litigant. Given plaintiff's ongoing failure to comply with the Court's directive, and to otherwise appear or litigate this action, the Court finds sufficient grounds to dismiss the action without prejudice. *See, e.g., In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 966 F.3d 351, 360 (5th Cir. 2020) (affirming dismissal of claims of plaintiff who "failed to comply with the court's order to submit a complete [fact sheet] for nearly five months"); *Larson v. Scott*, 157 F.3d

---

[8] Chief Magistrate Judge North issued the letter on June 30, 2023, and specified that plaintiff must respond within sixty days, or by August 29, 2023. R. Doc. 14.

3

1030, 1032 (5th Cir. 1998) (affirming dismissal without prejudice of action for want of prosecution where litigant was given four months to respond to a court order, yet failed to do so, and the court warned that failure to respond could result in dismissal); *Williams v. Am. Zurich Ins. Co.*, No. 22-4777, 2024 WL 1967155, at *2 (E.D. La. May 3, 2024) (dismissing case without prejudice given plaintiff's failure to respond to Chief Magistrate Judge North's letter).

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss, and the action is DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this __21st__ day of May, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

4